# IN THE COURT OF APPEALS OF IOWA

———————————

No. 26-0685
Filed July 8, 2026

———————————

**In the Interest of C.H., Minor Child,**

**T.H., Mother,**
Appellant.

———————————

Appeal from the Iowa District Court for Worth County,
The Honorable Elizabeth Batey, Judge.

———————————

**AFFIRMED**

———————————

Matthew B. De Jong, Rochester, Minnesota, attorney for appellant mother.

Brenna Bird, Attorney General, and Mackenzie Moran, Assistant Attorney General, attorneys for appellee State.

Danielle M. Ellingson of Noah, Smith, Sloter & Ellingson PLC, Charles City, attorney and guardian ad litem for minor child.

———————————

Considered without oral argument
by Greer, P.J., and Buller and Langholz, JJ.
Opinion by Greer, P.J.

1

**GREER, Presiding Judge.**

A mother appeals the termination of her parental rights to one child, C.H., born in 2025.[1] When the child was born, there were ongoing child-in-need-of-assistance cases for the child's four older siblings. Due to ongoing safety concerns, the mother was informed that C.H. would be removed from her custody as soon as C.H. was born.[2] Earlier this year, a panel of our court affirmed the termination of the mother's rights to the older siblings. *In re R.A.*, No. 25-1825, 2026 WL 221722, at *1 (Iowa Ct. App. Jan. 28, 2026) ("[W]e agree with the juvenile court's determination that the father 'is a violent and prolific child abuser.' And the mother has continuously failed to protect her children from his abuse and has engaged in systematic efforts to hide it. Further, both parents have refused to acknowledge that the abuse occurred."). On appeal, the mother argues that termination of her rights was not in the child's best interests and requests an additional six months to work toward reunification or the establishment of a guardianship in lieu of termination.

We review termination-of-parental-rights cases de novo. *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010). We follow a three-step analysis in our review, but we only review the steps that the parent challenges on appeal. *See id.* at 39–40. The mother does not contest that the State established grounds for

---

[1] The father filed his notice of appeal on April 20, 2026, and his petition on appeal twenty-four days later on May 14. Our supreme court dismissed his appeal as untimely. *See* Iowa R. App. P. 6.201(3).

[2] The parents failed to disclose the child's birth, then hid the child even though a temporary removal order was in place. Ultimately, in February 2025, the parents stipulated to the removal of C.H. from their custody, and the juvenile court ordered that care and custody be placed with the Iowa Department of Health and Human Services (HHS).

termination under Iowa Code section 232.116(1)(g) and (h) (2025). So, we turn to the issues preserved for our consideration.

Under our best-interests analysis, we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." Iowa Code § 232.116(2). "In determining the best interests of the child, we look to the parent's past performance because it may indicate the quality of care the parent is capable of providing in the future." *In re L.H.*, 904 N.W.2d 145, 149 (Iowa 2017) (cleaned up).

The mother has not taken any accountability for the physical or sexual abuse endured by the child's older siblings and instead has alleged the child's older siblings were lying, blamed their mental-health diagnoses as the reason for their disclosures, and "minimized" and "stonewalled" efforts of HHS, the juvenile court, and Family-Centered Services to address the concerns. At the termination hearing, when the mother was asked about her lack of accountability for the abuse, she responded, "to my knowledge or from my understanding, like, I believe they're wrong, and that's going to continue to be my answer." Given the mother's failure to acknowledge or take accountability for the harm caused to the child's older siblings over the entirety of this case and during the siblings' cases, we cannot determine that the mother would be able to protect the child. *See In re D.D.*, 955 N.W.2d 186, 193 (Iowa 2021) ("It's folly to think the mother will stand sentinel to protect against a foe she doesn't acknowledge exists."). Thus, termination of the mother's parental rights is in the best interests of the child.

In response to the mother's request for an additional six months, we agree with the juvenile court that the mother has not "made progress toward reunification to warrant such an extension." *See In re A.M.*, No. 20-1378,

2021 WL 377103, at *3 (Iowa Ct. App. Feb. 3, 2021) ("The marginal progress the mother has made does not convince us that the need for removal will no longer exist after an additional six months."). Additionally, we agree with the juvenile court that guardianship is not appropriate in this case. *See In re A.S.*, 906 N.W.2d 467, 477 (Iowa 2018) (noting that "a guardianship is not a legally preferable alternative to termination" (citation omitted)).

We affirm the juvenile court's detailed, twenty-one-page decision without further opinion. *See* Iowa Ct. R. 21.26(1)(d)–(e).

**AFFIRMED.**